# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINE, | CASE NO. 1:15-CV-1644-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | |
| JERRY BROWN, | Doc. 1 |
| Respondent. | |

Petitioner proceeds *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is awaiting trial and is detailed by the Department of State Hospitals. He challenges the constitutionality of California's Sexually Violent Predator Act ("SVPA" Cal. Welf. & Inst. Code § 6600 *et seq*.). This case was transferred to this District from Northern District.

**I.    SCREENING STANDARD**

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

**II.    EXHAUSTION REQUIREMENT**

Exhaustion of state remedies is a prerequisite to federal court consideration of claims in a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Although there is no exhaustion requirement pursuant to 28 U.S.C. § 2241(c)(3), exhaustion is still necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). The exhaustion doctrine gives the state court the initial opportunity to correct the state's constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and the "comity considerations are not limited to challenges to the validity of state court convictions." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The Ninth Circuit has required habeas petitioners to exhaust available judicial remedies before seeking relief under § 2241. *See Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004)(immigration detainee).

Here, Petitioner has not alleged that he has exhausted state remedies. On his fill-in-the-blank form petition, he did not respond to the question regarding whether he appealed the judgment of commitment. He left the space for information for each appeal blank. In response to the question regarding filing previous petitions or motions with respect to this commitment, Petitioner stated that he has filed pre-trial motions in Contra Costa Superior Court raising "unknown" grounds, which were denied. Thus, it appears that Petitioner has not given the state court the initial opportunity to correct its alleged constitutional deprivations. Petitioner must seek review in the state court prior to federal court review. The petition will be dismissed with leave to amend to allege facts demonstrating that he has exhausted his state remedies or that no state remedy remains available.

### III.   ORDER

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED WITH LEAVE TO AMEND as discussed in this order. Petitioner shall file a first amended petition alleging facts demonstrating exhaustion of state remedies within thirty (30) days of entry of this

order. Petitioner is not required to file a first amended petition. However, failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:  **March 11, 2016**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE